UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KAETHE G. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 1:17-cv-445 |
| | § | |
| WASHINGTON NATIONAL | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW Defendant, WASHINGTON NATIONAL INSURANCE COMPANY ("Washington National"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, and hereby gives notice of removal of the above-styled matter from the 250th Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division.

An Index of State Court Matters and Civil Cover Sheet are filed simultaneously herewith. In support of removal, Washington National states as follows:

**A.     Introduction**

1.     On or about April 17, 2017, Plaintiff KAETHE G. JOHNSON ("Plaintiff") filed an Original Petition & Request For Disclosure ("the Original Petition") against WASHINGTON NATIONAL INSURANCE COMPANY ("Defendant") in the 250th Judicial District Court of Travis County, Texas, under Cause No. D-1-GN-17-001688 (the "State Court Action").

2.     Copies of the Original Petition were served on Washington National's registered agent for service of process on April 21, 2017.

3. All State Court Action materials served on Washington National are included in the Index filed simultaneously herewith as <u>Exhibit A</u>, as required by 28 U.S.C. § 1446.

4. The Original Petition generally alleges Defendants committed fraud, negligence, breach of contract, and breach of duty of good faith and fair dealing under common law, and violated the Texas Insurance Code, the Texas Business & Commerce Code and the Texas Deceptive Trade Practice Act. (*See* Exhibit A, Original Petition).

5. Plaintiff asserts the following causes of actions against the Defendants: (a) negligence; (b) breach of contract; (c) breach of duty of good faith and fair dealing under common law; (d) breach of duty of good faith and fair dealing under the contract; (e) violations of the Texas Insurance Code and Texas Business & Commercial Code; (f) violations of the Deceptive Trade Practice Act; (g) intentional violations of the Deceptive Trade Practice Act and the Texas Insurance Code, (h) fraud under common law; and (i) fraudulent inducement. (*Id*. at ¶¶11-36).

6. According to the "Discovery-Control Plan" and "Claim For Relief" sections of the Original Petition, Plaintiff seeks to recover the following from the Defendant:

> . . . Plaintiff seeks monetary relief over $100,000 . . . .
>
> (*Id.* at ¶1.)
>
> Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.
> (*Id.* at ¶2.)

7. This Court has original jurisdiction based on diversity of citizenship and the amount in controversy under 28 U.S.C. § 1332; thus, this State Court Action is removable under 28 U.S.C. § 1441(a).

**B.     The Removal Notice is Timely**

8.  This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) as the thirty-day time period began running no earlier than April 21, 2017, the date on which Washington National was served with a copy of the Original Petition. (*See* Exhibit A, Citation) *See, Murphy Bros., Inc. v. Michetti Pipe Stringing*, Inc., 526 U.S. 344, 354 (1999); *see also, Spoon v. Fannin County Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 705 (E.D. Tex. 2011) ("The Fifth Circuit has further established that the thirty day period starts to run as soon as the first defendant is served.").

**C.     Venue is Proper in this Court**

9.  Venue properly lies in this United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. § 1391(a)(2) and 28 U.S.C. § 95(a)(2), as this Division of this District embraces the location of the Texas state court where the State Court Action is currently pending.

**D.     Diversity of Citizenship Exists**

10. This is an action between citizens of different states. An individual's citizenship is based on his or her domicile. *Brady v. Denton County Elec. Coop., Inc.,* No. 4:09-CV-130, 2009 U.S. Dist. LEXIS 89062, *19 (E.D. Tex. Sept. 25, 2009). An individual's domicile is where he or she has a fixed residence and intends to remain indefinitely. *Allen v. Dovenmuehle Mortg., Inc.,* No. 3:13-CV-4710-L, 2012 U.S. Dist. LEXIS 98475, *8 (N.D. Tex. Jul. 21, 2014).

11. Here, Plaintiff, Kaethe G. Johnson, alleges to be a resident of Travis County, Texas. (*See* Exhibit A, Original Petition, ¶3) ("Plaintiff . . . is an individual residing in Travis County, Texas."). Therefore, Plaintiff is presumed to be a citizen of Texas for the purposes of diversity jurisdiction.

*See, Brady, supra,* at *20 ("[P]resenting evidence of the person's residence raises a presumption of [her] domicile.").

12. To the extent any additional proof is required, according to the Application for Insurance signed by Plaintiff, she lived in San Antonio, Bexar County, Texas on March 11, 2002. (*See* Exhibit B attached hereto, Affidavit of Kimberly Martin, ¶5). This fact further prove that Plaintiff is firmly rooted in, and indeed a citizen of, Texas.

13. A corporation's citizenship is based on its State of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1).

14. Here, Washington National is an Indiana corporation with its principal place of business in Indiana. (*See* Exhibit C attached hereto, Affidavit of Karl Kindig, ¶3). Thus, Washington National is a citizen of the State of Indiana.

E.     **The Amount in Controversy Requirement is Satisfied**

15. In addressing the amount in controversy, Washington National does not concede the validity of Plaintiff's claims or attempt to predict what Plaintiff will recover. The amount in controversy is determined by the amount demanded, not what will ultimately be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289-290 (1938). The amount in controversy includes all damages available under the law governing the suit. *Lester v. Lester*, No. 3:06-CV-1357-BH, 2009 U.S. Dist. LEXIS 101475, *12 (N.D. Tex. Oct. 29, 2009).

16. Where it is facially evident that the complaint seeks more than $75,000, the defendant may rely on the face of the complaint as proof that the amount in controversy requirement is satisfied. *Wilson-Ramsey v. Allstate Ins. Co.,* No. 07-7597, 2007 U.S. Dist. LEXIS 93924, *1-2 (E.D. La. Dec. 21, 2007).

17. Here, the Original Petition expressly requests relief of at least $200,000. (*See* Exhibit A, Original Petition, ¶¶1, 2). Thus, Plaintiff's request for relief establishes the monetary threshold to support removal.

18. As required by 28 U.S.C. §1446(d), written Notice of Removal is being given to all adverse parties, and a copy of the Notice is being filed with the District Court of Travis County, Texas.

**F.     Prayer**

WHEREFORE, Defendant Washington National, by counsel, respectfully requests that the State Court Action be removed from the District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division, and proceed as an action properly removed thereto.

Dated: May 12, 2017

Respectfully submitted,

By:     s/ *Nicole H. Muñoz*
Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Nicole H. Muñoz
State Bar No. 24098153
nicole.munoz@figdav.com

**FIGARI &DAVENPORT, L.L.P.**
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR WASHINGTON NATIONAL
INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on May 12, 2017:

Matthew J. Riley
John P. Cowart
SHAW COWART, LLP
1609 Shoal Creek Boulevard
Suite 100
Austin, TX 78701

ATTORNEYS FOR PLAINTIFF

                                                s/ *Nicole H. Muñoz*
                                                Nicole H. Muñoz